THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISON

| | |
|---|---|
| CRYSTAL GRANT, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MERCHANTS CREDIT GUIDE COMPANY )<br> )<br>& )<br> )<br>TRANS UNION CORP. )<br> )<br> )<br>Defendants. ) | **COMPLAINT**<br><br>Case No.: 6:19-cv-146<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Crystal Grant, by and through the undersigned counsel, and for her Complaint against Defendants, Merchants Credit Guide Company ("MCG") and Trans Union Corp. ("Trans Union") (and together collectively, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and MCG and Trans Union transact business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. MCG's collection activities violated the FDCPA.

5. Defendants' credit reporting and/or failure to properly dispute information violated

the FCRA.

6. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

7. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

9. Plaintiff, Crystal Grant (hereafter "Plaintiff"), is a natural person currently residing in Longview, Texas.

10. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

11. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

12. Defendant MCG is an Illinois corporation engaged in the business of collecting debts, using mails and telephone, in this state with its Headquarters located at 223 W. Jackson Blvd., Suite 700, Chicago Illinois 60606.

13. MCG is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

14. MCG regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

15. Defendant Trans Union is a Delaware corporation with its headquarters at 555 W. Adams Street, Chicago, Illinois 60661.

16. Defendant MCG is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

17. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Trans Union regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than MCG.

19. Upon information and belief, on a date better known by MCG, MCG began to attempt to collect an alleged consumer debt from the Plaintiff.

20. MCG was reporting a collection account on Plaintiff's credit report with Trans Union.

21. That MCG was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

22. MCG's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

23. That Defendant was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

24. Defendant's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

25. On or about May 21, 2018, Plaintiff's representative sent a dispute letter to Trans Union notifying the account with MCG as disputed. **Exhibit A.**

26. On or about August 22, 2018, Plaintiff received an updated credit file from Trans Union. **Exhibit B.**

27. That the credit report was updated in August 2018.

28. That the updated August 2018 credit report did not contain updated account information.

29. That the updated August 2018 credit report did not contain updated marked as disputed information.

30. That MCG furnished information to Trans Union regarding Plaintiff's account without notifying them the account had been disputed by consumer.

31. That MCG failed to update the account information and mark the account as disputed on the updated August 2018 credit report after Plaintiff disputed the account in May 2018.

32. In the alternative, if MCG properly updated the account information and marked the account as disputed with Trans Union after receiving notification of dispute from Plaintiff, then Trans

Union failed to update the account information and mark the account as disputed on the updated August 2018 credit report.

33. Upon information and belief, that MCG never updated the account information and marked as disputed even after receiving information of the dispute.

34. Alternatively, Trans Union never updated the account information and marked as disputed even after receiving information of the dispute from MCG.

35. All of MCG's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

36. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

37. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the MCG and/or Trans Union.

38. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by MCG and/or Trans Union.

39. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by MCG and/or Trans Union.

40. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

41. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of MCG and/or Trans Union.

42. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

43. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

44. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. That because Plaintiff disputed the debt, MCG, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

46. MCG used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

47. MCG's collection communications are to be interpreted under the "least sophisticated

consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

48. MCG violated the Plaintiff's right not to be the target of misleading debt collection communications.

49. MCG violated the Plaintiff's right to a truthful and fair debt collection process.

50. MCG's communications with Plaintiff were deceptive and misleading.

51. MCG used unfair and unconscionable means to attempt to collect the alleged debt.

52. MCG's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to NCA's collection efforts.

53. MCG's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

54. MCG's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

55. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

56. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MCG's conduct.

57. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. MCG's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

58. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

59. Defendant MCG's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that MCG's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against MCG, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices**

60. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

61. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

...
...

62. MCG's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

63. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

64. MCG's communications with Plaintiff were deceptive and misleading.

65. MCG used unfair and unconscionable means to attempt to collect the alleged debt.

66. Defendant MCG's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that MCG's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against MCG, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count III: Violation Of 15 U.S.C. §1681c(f) of the FCRA-Indication of Dispute by Consumer**

67. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68. Defendant Trans Union violated 15 U.S.C. §1681c(f) in that they failed to indicate the disputed information on each of Plaintiff's consumer report.

69. Defendant Trans Union caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

70. Defendant Trans Union has done so either willfully, or in the alternative, negligently.

71. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for Trans Union's willful violation.

72. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for Trans Union's negligent violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that Trans Union's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## Count IV: Violation Of 15 U.S.C. § 1681s-2(a)(3) of the FCRA-Duty to Provide Notice of Dispute

73. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

74. Defendant MCG violated 15 U.S.C. § 1681s-2(a)(3) in that they furnished information to a consumer reporting agency, Trans Union, without notice that such information had been disputed by Plaintiff.

75. Defendant MCG caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration,

emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

76. Defendant MCG has done so either willfully, or in the alternative, negligently.

77. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for MCG's willful violation.

78. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for MCG's negligent violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant prays that this Court:

A. Declare that MCG's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against MCG, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

### Count V: Violation Of 15 U.S.C. § 1681i(a)(1)(A) of the FCRA-Reinvestigations of Disputed Information

79. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

80. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to record the current status of Plaintiff's disputed information.

81. Defendant Trans Union caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering,

embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

82. Defendant Trans Union has done so either willfully, or in the alternative, negligently.

83. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for Trans Union's willful violation.

84. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for Trans Union's negligent violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that Trans Union's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

### Count VI: Violation Of 15 U.S.C. § 1681i(a)(5) of the FCRA- Treatment of Inaccurate or Unverifiable Information

85. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

86. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) in that they failed to promptly delete or modify Plaintiff's item of information based on the results of the reinvestigation.

87. Defendant Trans Union caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

88. Defendant Trans Union has done so willfully, or in the alternative, negligently.

89. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for Trans Union's willful violation.

90. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for Trans Union's negligent violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that Trans Union's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## Count VII: Violation Of 15 U.S.C. § 1681s-2(B)(1) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

91. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

92. Defendant MCG violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to notate the information as disputed after been contacted by the Consumer Reporting Agencies.

93. Defendant MCG violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies to notate the disputed information.

94. Defendant MCG violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

95. Defendant MCG violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to Trans Union that the information was being disputed.

96. Defendant MCG violated 15 U.S.C. § 1681s-2(b)(1)(E) in that they failed to appropriately modify, delete, or permanently block the reporting of the item information.

97. Defendant MCG caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

98. Defendant MCG has done so willfully, or in the alternative, negligently.

99. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for MCG's willful violation.

100. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for Trans Union's negligent violation.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Crystal Grant, prays that this Court:

A. Declare that MCG's credit reporting actions violate the FCRA;

  B. Enter judgment in favor of Plaintiff Crystal Grant, and against MCG, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

  C. Or, in the alternative, enter judgment in favor of Plaintiff Crystal Grant, and against Trans Union, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

  D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

101. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 16, 2019

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Gregory S. Motil

Gregory S. Motil, #67184
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
Halvorsen Klote
680 Craig Road
Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
gmotil@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com
*Attorney for Plaintiff*